UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 15-10145-RGS

UNITED STATES OF AMERICA

v.

ANTHONY COPLIN

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO SUPPRESS

January 24, 2017

STEARNS, D.J.

Defendant Anthony Coplin, who is charged with drugs and firearms offenses, seeks to suppress incriminating items seized from his business on Dudley Street in the Roxbury section of Boston. The seizures were made pursuant to a search warrant issued by Magistrate Judge Bowler on June 8, 2015.[1] The court's task is made somewhat more difficult than usual as the grounds asserted for the motion to suppress are (with one exception) simply generic restatements of fundamental Fourth Amendment principles

---

[1] As all issues raised are to be decided within the four corners of the warrant and accompanying affidavit, *see United State v. Vigeant,* 176 F.3d 565, 569 (1st Cir. 1999) ("assessing the information provided in the four corners of the affidavit supporting the warrant application"), there is no reason for an evidentiary hearing (nor has defendant requested one). If a search is conducted with a warrant, the burden falls to the defendant to prove that the search was unlawful. Proof is by a preponderance of the evidence. *United States v. Matlock,* 415 U.S. 164, 177-178 n.14 (1974).

unanchored in the specific facts of the case. As best as I can determine, defendant challenges the warrant on the following grounds: (1) the failure of the Magistrate Judge to specify a time limit on the date of execution of the warrant; (2) the failure of the affidavit to demonstrate the likelihood that incriminating evidence would be found on the premises; (3) a failure by the affiant to establish the reliability of a cooperating witness; and (4) the failure of the affiant to establish probable cause for the search.

(1) The assertion that the Magistrate Judge failed to place an outward time limit on the execution of the warrant is not entirely accurate. It appears from the face of the warrant that she relied on the printed instruction that the warrant was to be executed "on or before _____ (not to exceed 14 days)" as an implicit indication that the warrant was to be executed within 14 days from the date of its issuance.[2] Notwithstanding the arguably better practice of manually inserting the termination date of the warrant, ministerial and technical lapses do not invalidate a search warrant. *See United States v. Burgos-Montes*, 786 F.3d 92, 109 (1st Cir. 2015) (magistrate failed to specify a termination date for the warrant); *United States v. Lyons*, 740 F.3d 702, 724 (1st Cir. 2014) (judge failed to sign an otherwise valid

---

[2] There is no dispute that the warrant was in fact executed within the allotted 14 days.

warrant).  Moreover, there is no meaningful deterrent purpose that would be served by suppression.  "Exclusion exacts a heavy toll on both the judicial system and society at large. It almost always requires courts to ignore reliable, trustworthy evidence bearing on guilt or innocence.  And its bottom-line effect, in many cases, is to suppress the truth and set the criminal loose in the community without punishment." *Davis v. United States*, 564 U.S. 229, 237-238 (2011).  "To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system."  *Herring v. United States*, 555 U.S. 135, 144 (2009).  In other words, the purpose of the exclusionary rule is to deter future *police* misconduct – not to avert judicial error, even assuming such occurred here.[3]

---

[3] The United States Supreme Court reached a similar conclusion in analyzing the desirability of extending the exclusionary rule to instances in which police reasonably rely on a warrant that is later held invalid. *See United States v, Leon*, 468 U.S. 897 (1984).

> First, the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates.  Second, there exists no evidence suggesting that judges and magistrates are inclined to ignore or subvert the Fourth Amendment or that lawlessness among these actors requires application of the extreme sanction of exclusion.

3

(2) Attachment A to the affidavit describes the items to be seized from the premises of Coplin's business to include records, paraphernalia, and likely proceeds of illicit drug trafficking. The affidavit describes in detail evidence consisting of authorized telephone interceptions and corroborative surveillance of the premises, that Coplin was using his retail shop as a depot from which he sold large quantities of cocaine. Significant authority supports the inference that an established and successful drug dealer is likely to keep drugs, proceeds, and records of drug dealing on premises over which he has control. 2 Wayne R. LaFave, Search and Seizure § 3.7(d) (5th ed. 2012) at 530-531 & n.200. *See also United States v. Feliz*, 182 F.3d 82, 87-88 (1st Cir. 1999); *United States v. Miggins*, 302 F.3d 384, 393-394 (6th Cir. 2002); *United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir. 1993); *United States v. Gant*, 759 F.2d 484, 488 (5th Cir. 1985); and *United States v. Whitner*, 219 F.3d 289, 297-299 (3d Cir. 2000) (collecting additional cases).

(3) In establishing probable cause for the warrant authorizing the

---

> Third, and most important, we discern no basis, and are offered none, for believing that exclusion of evidence seized pursuant to a warrant will have a significant deterrent effect on the issuing judge or magistrate.

*Id.* at 916.

wiretap in which Coplin became ensnared, the affiant relied on a cooperating witness (designated CW-1) to undertake controlled drug purchases from two of Coplin's major drug customers. Coplin argues that the affidavit fails to establish CW-1's reliability. [4] According to the affidavit, CW-1 made supervised purchases of over 150 grams of crack cocaine and more than 30 grams of powder cocaine over a three-month period. Under federal law, an informant's reliability is assessed under a flexible totality of the circumstances test. *Illinois v. Gates*, 462 U.S. 213, 232, 238-239 (1983). Under this test, the fact that an informant has cooperated with a police investigation in a direct and closely supervised capacity (for example, in the controlled purchase or delivery of narcotics) is strong evidence of reliability. *See* Wayne R. LaFave, 2 Search and Seizure § 3.3(f) (5th ed. 2012) at 225 & n.262; *see also United States v. Fluker*, 543 F.2d 709, 714 (9th Cir. 1976) (controlled purchase of narcotics); *United States v. Hinson*, 585 F.3d 1328, 1334 (10th Cir. 2009); *United States v. Mays,* 466 F.3d 335, 343-344 (5th Cir. 2006); *Commonwealth v. Warren*, 418 Mass. 86, 89-90 (1994). Based on the affiant's description of CW-1's closely monitored and extended

---

[4] Standing is not an issue as Title III grants automatic standing to any person intercepted (aggrieved) by a wiretap. 18 U.S.C. § 2518(10)(a).

cooperation with law enforcement, the Magistrate Judge was warranted in deeming his information reliable.

(4) In his final challenge, Coplin maintains that the affidavit fails to establish probable cause for the warrant. As Coplin gives no specific content to his contention, I can only assume that Coplin means that, when read as a whole, the affidavit fails to establish that he was in the business of selling drugs. Under the controlling law, a search warrant may issue on a showing of probable cause — something more than a suspicion, but something significantly less than proof beyond a reasonable doubt. *See Safford v. Unified Sch. Dist. of Redding*, 557 U.S. 364, 371 (2009) (probable cause is a fluid concept taking its substantive content from the particular circumstances — "the best that can be said generally about the required knowledge component of probable cause . . . is that it raise a 'fair probability,' . . . or a 'substantial chance,' . . . of discovering evidence of criminal activity.") (quoting *Gates*, 462 U.S. at 238, 244, n.13)). When read in this light, the showing of probable cause based on the transcriptions of Coplin's intercepted telephone calls in which he is heard to arrange drug sales, more than satisfies the probable cause requirement.

ORDER

For the foregoing reasons, the motion to suppress is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE