**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No:  15-cr-10145-RGS |
| | ) | |
| ANTHONY COPLIN, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant in this case possessed a total of nearly 14 kilograms of cocaine, a dangerous and deadly controlled substance.  A significant sentence of 87 months' imprisonment is therefore necessary and warranted both to punish this defendant and to dissuade others from distributing this lethal drug.

The defendant possessed a bulk stash of 8.03 kilograms of cocaine, and also distributed an additional 5.85 kilograms of cocaine to a fellow Columbia Point gang associate. At the time of the search warrant at the defendant's business, investigators seized the large amount of cocaine, along with two loaded firearms and drug-related paraphernalia.  *See* PSR ¶ 66.  The government recommends that the Court sentence the defendant to 87 months of imprisonment, at the low end of the guidelines, along with three years of supervised release and a $100 special assessment.

**I.      ADVISORY SENTENCING GUIDELINES**

The defendant is accountable for at least 13.88 kilograms of cocaine.  His base offense level is 30.  PSR ¶¶ 115-116.  The defendant is also responsible for the possession of a dangerous weapon (the two loaded firearms recovered during a search warrant of his business), which increases the base offense level by 2. PSR ¶ 117. The defendant is entitled to a

1

three-level acceptance of responsibility reduction.  PSR ¶¶ 123-124.   The defendant has several

prior criminal convictions in Massachusetts, New York and North Carolina, including a sentence

of 2.5 years committed in 1994 for possession of a class B substance with intent to distribute and

an additional conviction in 1997 for 2nd degree criminal possession of a controlled substance

which included 3 years of parole.   PSR ¶¶ 128-134.  However, his criminal history score is one,

as a result of his 2008 conviction in North Carolina for carrying a concealed weapon.  As a

result, the defendant is in criminal history category I.  PSR ¶¶ 134-136.  Based upon a total

offense level of 29 and a criminal history category I, the advisory guideline range is 87 to 108

months.

II.     SENTENCING FACTORS UNDER 18 U.S.C. § 3553(A)

Consideration of the § 3553(a) factors demonstrates that a sentence of 87 months is

sufficient, but not greater than necessary, to meet the goals of sentencing.

A.  Nature of the Offense

Cocaine is a deadly drug that has had devastating effects has on the users and

communities where dealers like the defendant are selling drugs for profit.  Between 2012 and

2018, the number of deaths from drug poisoning involving cocaine increased every year, and

2018 was the third year in a row that such deaths exceeded 10,000.[1]  The defendant's actions

have been a contributing factor in the ongoing drug crisis in Massachusetts, consistently one of

states with the most cocaine-related deaths, year after year.[2]  The defendant was part of the

---

[1] DEA, 2020 NATIONAL DRUG THREAT ASSESSMENT at 30-31 (2020),
https://www.dea.gov/sites/default/files/2021-02/DIR-008-
21%202020%20National%20Drug%20Threat%20Assessment_WEB.pdf

[2] *Id*. at 31. Massachusetts was one of four U.S. states— along with New Jersey, Ohio, and
Pennsylvania—that were among the ten states with the most overall deaths from drug poisoning
involving cocaine were also among the ten states with the highest age-adjusted death rates from
drug poisoning involving cocaine, per 100,000 population. Those four states collectively

cocaine supply chain that contributed to such tragedies. The defendant stored a large amount of

cocaine in his business and supplied one of his co-defendants with cocaine from that drug stash.

The defendant's access to this large quantity of cocaine and his willingness to provide drugs to

another drug distributor show that the significant sentence of 87 months' imprisonment is

warranted.

Further, the defendant was not only engaged in drug trafficking, but also possessed

dangerous firearms in the same business where he was conducting that drug trafficking. The

types of weapons that the defendant had access to, and was willing to possess with his drug

stash, could have brought serious tragedy to himself, his family, and others in his community.

Drug trafficking is a risky endeavor, and drug traffickers seek to protect themselves, their drugs,

and their proceeds with firearms. The defendant made himself available to an increased potential

of violence associated with his behavior.

## B. Characteristics of the Defendant

The defendant is 57 years old.  PSR ¶ 154.  The government acknowledges the

acceptance of responsibility by this defendant and his hope to further his education and obtain

his GED.  PSR ¶ 176.  However, COPLIN has several aspects of his background that stand out.

First, the defendant has previously engaged in drug dealing, which is relevant to the facts here.

He has now engaged in this same conduct again on a much larger scale, and while also

possessing firearms in connection with his drug trafficking operation.

Second, the government alleges that the defendant is a known associate of the Columbia

Point street gang.  PSR ¶ 66.  While the defendant denies this, he acknowledges that he got

himself into this situation and understood that he should not have been engaging in such conduct.

---

accounted for 3,733 deaths, or approximately 25 percent of all deaths from drug poisoning
involving cocaine in the United States in 2018. *Id*.

PSR ¶ 175, 177.  That conduct, as a kilogram-quantity cocaine dealer who supplied fellow

Columbia Point street gang drug dealers, resulted in the defendant's indictment alongside

approximately 20 additional members and associates of the Columbia Point street gang.  As a

result, the defendant's criminal conduct here stands squarely at the intersection of drugs, guns,

and gangs. The defendant's reoccurring involvement with drugs and now firearms has created a

possible incendiary combination.

### C.  Specific and General Deterrence

A significant sentence of imprisonment is warranted to deter others from becoming

involved in cocaine distribution as the dangers associated with this deadly drug are difficult to

overstate. Individuals tempted to engage in drug trafficking must understand that *any*

involvement with cocaine distribution, will have substantial consequences.  Imprisonment is

necessary to send a strong warning to others who might otherwise consider profiting from this

deadly drug that they must resist the temptation.

Considerations of specific deterrence also support imposition of substantial incarceration.

This is not the defendant's first conviction involving drug distribution, and he was not merely

dealing in smaller street-level transactions. He was handling significant, bulk quantities of

cocaine. A sentence of 87 months' imprisonment should provide the defendant the sufficient

punishment for his involvement in this deadly drug trade.  This sentence would also provide him

the time necessary to distance himself from his prior gang and drug affiliations.

### III.    CONCLUSION

For the foregoing reasons, those contained in the PSR, and those to be presented at the

sentencing hearing, the government requests the following sentence:

- a term of 87 months' imprisonment;

- a fine within the Guidelines sentencing range, as calculated by the Court, unless the Court finds that the defendant is not able to pay a fine;

- a term of 36 months' supervised release with the conditions recommended by probation; and

- a special assessment of $100.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:     */s/ John T. Dawley, Jr.*
      John T. Dawley, Jr.
Dated: August 12, 2022      Assistant United States Attorney

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By:  */s/ John T. Dawley, Jr.*
     John T. Dawley, Jr.
     Assistant United States Attorney

Dated: August 12, 2022